UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES - GENERAL

| Case No. | CV 10-7074 CAS (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | YELENA BOBRITSKY V. LIMITED BRAND STORES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:)
ORDER TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION

On July 20, 2010, Yelena Bobritsky ("plaintiff") filed the instant action in the small claims court of the Los Angeles County Superior Court against Limited Brand Stores, Inc. ("defendant"). Plaintiff alleges damages for defamation of credit and for falsely reporting wrong information, specifically citing Cal. Civ. Code §§ 1785.25(a), (b), and (c). Defendant removed the action to this Court on September 22, 2010, arguing that plaintiff alleges claims that arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. On October 19, 2010, this Court issued an Order to Show Cause for Lack of Subject Matter Jurisdiction, on the basis that it was not apparent that defendant's preemption defense was sufficient to create a federal question. Defendant responded to the Court's order on November 2, 2010.

## II. DISCUSSION

In her complaint, plaintiff alleges that defendant owes her money "[f]or defamation of Credit, and for falsely reporting wrong information," in violation of California Civil Code 1785.25(a), (b), and (c)." Notice of Removal Ex. A, at 2. Defendant's argument that the Court has subject matter jurisdiction centers around the statement in Arco Envtl. Remediation, L.L.C. v. Montana, 213 F.3d 1108 (9th Cir. 2000), that "[a] state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." Id. at 1114 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-7074 CAS (PJWx) | Date | November 9, 2010 |
| Title | YELENA BOBRITSKY V. LIMITED BRAND STORES, INC. ET AL. | | |

A claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 27-28 (1983). As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). Furthermore, federal preemption, as a defense, does not create removal jurisdiction. Franchise Tax Bd., 463 U.S. at 12.

Defendant argues that Congress intended to preempt state law with respect to "furnishers of information" such as defendant. Response to OSC 3-5. However, defendant concedes that Congress has chosen not to preempt Cal. Civ. Code § 1785.25(a), an explicit part of plaintiff's claim. Id. at 5. Because Congress has excluded a portion of state law, namely, § 1785.25(a), that section cannot be said to be preempted, if preemption applies at all. See, e.g., Arco, 213 F.3d at 1114-15. Defendant further argues that plaintiff's complaint is federal in character. Response to OSC 5-6. However, nothing in the complaint suggests that plaintiff is alleging anything other than violations of Cal. Civ. Code §§ 1785.25(a)-(c). While the Court recognizes that §§ 1785.25(b) and (c) may be preempted by federal law, as noted above, defendant's federal preemption defense does not create federal question jurisdiction. It is well-established that plaintiff is "the master of [her] complaint" and may "avoid federal jurisdiction by relying exclusively on state law." Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). It is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14; see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998) ("Even when the area involved is one where complete preemption is the norm, if the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court.").[1]

---

[1] Defendant does not appear to argue that plaintiff's "right to relief depends on the resolution of a substantial, disputed federal question." See Arco, 213 F.3d at 1114.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-7074 CAS (PJWx) | Date | November 9, 2010 |
| Title | YELENA BOBRITSKY V. LIMITED BRAND STORES, INC. ET AL. | | |

Because defendant's claimed ground for removal is based on a federal defense, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Furthermore, there does not appear to be any alternative basis for this Court to exercise jurisdiction over the action. Therefore, the Court REMANDS the instant action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

00 : 00

Initials of Preparer